WILLIAM SOMERVILLE and HATTIE P. SOMER-VILLE, Plaintiffs in Error, v. CLEMENTINE HELLMAN, HERMAN A. HAEUSSLER, and ROBERT F. BLAIR.

Division Two, March 31, 1908.

1. **EQUITY: Conversion: Action at Law.** Where the petition charges that one Hellman in his lifetime converted to his use the stock of a corporation which had been pledged to him in his lifetime to secure him, as the beneficiary of a deed of trust, harmless against a prior deed of trust which was afterwards adjudged invalid, a suit in equity, brought against said Hellman's widow and the trustee of the second deed of trust made for Hellman's benefit, cannot be maintained, unless there is an allegation that Hellman's estate or that of the trustee is insolvent or unless some other facts are alleged which would indicate that the relief sought could not be obtained by an action at law.

2. ————: ————: ————: **Delay.** And in such case it is significant that no effort was made to obtain relief for four years, that an action at law could have been instituted against Hellman in his lifetime and was not, and that final settlement of his estate is alleged to have been made. Such conduct does not readily arouse a court of equity.

3. **DEED OF TRUST: Redemption: Suit on Notes.** Where the deed of trust was foreclosed and the mortgagors were sued for the balance on the mortgage notes, that suit would have been an appropriate time to have contested with the purchasing mortgagee his right to recover the balance on the notes, if any fraud was perpetrated against the mortgagors by reason of the sale.

4. ————: ————: ————: **Insufficient Pleading.** A petition to redeem from sale under a deed of trust, based on loosely-worded verbal promises made to the mortgagors (who had sold their right of redemption) by the purchasing mortgagee through his agent and the trustee, to the effect that they would be permitted to redeem at any time they got ready to do so, does not state a cause of action.

Error to St. Louis City Circuit Court.—*Hon. Daniel G. Taylor*, Judge.

AFFIRMED.

*Benj. J. Klene* for plaintiffs in error.

(1) Hattie P. Somerville was under the facts pleaded an original surety for her husband's loan. Higgins v. Harvester Co., 181 Mo. 308; White v. Smith, 174 Mo. 186; Johnson v. Bank, 173 Mo. 171; Propes v. Propes, 171 Mo. 418; McCullum v. Broughton, 132 Mo. 601; Barrett v. Davis, 104 Mo. 549; Barkhoefer v. Barkhoefer, 93 Mo. App. 373. (2) Blair's assumption of the $18,500 deed of trust changed the relation of William Somerville from principal to surety for Blair who became the principal debtor. Orrick v. Durham, 79 Mo. 174; Nelson v. Brown, 140 Mo. 580; Pratt v. Conway, 148 Mo. 291; Crone v. Stinde, 156 Mo. 262; Smith v. Davis, 90 Mo. App. 539; Laumeyer v. Hallock, 103 Mo. App. 116. (3) Whether the case be considered in the light of Mrs. Somerville's or-

iginal suretyship alone, or whether both plaintiffs be considered as sureties under the Blair assumption agreement, in either case, plaintiffs are entitled to a decree declaring them of right entitled to be subrogated to the collaterals held by the defendant Hellman. Sheldon on Subrogation, sec. 24; Sugden on Subrogation, secs. 11, 51; Taylor v. Tarr, 84 Mo. 420; Orrick v. Durham, 79 Mo. 174; Ferguson v. Carson, 86 Mo. 673; Woodbury v. Swan, 58 N. H. 383; Dwyer v. Rohan, 99 Mo. App. 113; Clark v. Bank, 57 Mo. App. 277; Bank v. Reed, 54 Mo. App. 94; Fisher v. B. & L. Assn., 59 Mo. App. 430; Roberts v. Bartlett, 26 Mo. App. 611; MacKenna v. Trust Co., 3 L. R. A. (N. S.) 1071; Brown v. Kirk, 20 Mo. App. 525; Frank v. Fraylor, 16 L. R. A. (Ind.) 115. (4) (a) A judgment against the principal and surety on a bond does not extinguish the relation of principal and surety. Their rights *inter se* remain as before. Frank v. Fraylor, 16 L. R. A. (Ind.) 115; West v. Brison, 99 Mo. 684; Rice v. Morton, 19 Mo. 263; Dodd v. Winn, 27 Mo. 501; Freeman on Judgments, 226. (b) If a judgment against both does not alter the relation, why should a judgment against the surety only affect or alter the relation of principal and surety in the slightest degree? Frank v. Fraylor, 16 L. R. A. (Ind.) 115. (5) From the time of Blair's assumption of the deed of trust it was the duty of Hellman to recognize Blair as the principal debtor, and the Somervilles, one or both, as sureties in all his dealings in relation to their indebtedness. There was no choice to do otherwise. Smith v. Davis, 90 Mo. App. 539; Pratt v. Conway, 148 Mo. 296. But besides this there was a recognition of this relation by dealing with Blair for an extension. (6) If the case be looked at from the viewpoint of the vendor's lien retained by Somerville's grantee, Henderson, then and in that event the vendor's lien is a lien superior to the deed of trust under the circumstances

of the case. Phillips v. Schall, 21 Mo. App. 38; Bank v. Edwards, 84 Mo. App. 462; Orrick v. Durham, 79 Mo. 174. (7) Hellman had no right to buy the stock even if authority to sell had been given. Byrne v. Carson, 70 Mo. App. 13; Moore v. Thompson, 40 Mo. App. 195. (8) The sale in bulk, with the inadequate price, vitiated the sale to such an extent that the courts will interfere to set it aside. Miller v. Montgomery, 131 Mo. 595; Kelly v. Hurt, 61 Mo. 463. (9) Courts will not permit sales to stand where the price is so grossly inadequate as to shock the moral sense. Miller v. Montgomery, 131 Mo. 595; Stoffel v. Schroeder, 62 Mo. 147; Vail v. Jacobs, 62 Mo. 130; Bank v. Richardson, 130 Mo. 270. (10) Inadequate price and failure to give a customary notice will be sufficient for a court to relieve from an unconscionable sale. Hardware Co. v. Building Co., 132 Mo. 457; Sheridan v. Nation, 159 Mo. 27. (11) Inadequate price coupled with inadvertence or mistake will move the courts to relieve from an unconscionable sale. Kelly v. Hurt, 61 Mo. 463; Cole County v. Madden, 91 Mo. 585; McKee v. Logan, 82 Mo. 528; Dunn v. McCoy, 150 Mo. 566. (12) A promise to permit redemption subsequent to a sale may be a circumstance properly put in evidence. Byrne v. Carson, 70 Mo. App. 132; Parketon v. Schleuter, 145 Mo. 55. (13) (a) Friendly disinterestedness with inadequate consideration is enough to move a court to set aside an unconscionable sale. Swon v. Stevens, 143 Mo. 398. (b) Inadequate consideration with a lulling into security by promise to not sell without notice, which was not regarded, were sufficient to authorize a setting aside of an unconscionable sale. Clarkson v. Creely, 35 Mo. 95, 40 Mo. 114. (14) Plaintiffs' paper tender and offer to redeem is sufficient to enable them to maintain this suit instead of making payment, defendants having refused to accept pay-

ment and surrender of securities to them as surety. Bank v. Reed, 54 Mo. App. 97; Whelan v. Reilly, 61 Mo. 565; Axman v. Smith, 156 Mo. 286; Ailey v. Burnett, 134 Mo. 313.

*Herman A. Haeussler* and *Harry H. Haeussler* for defendants in error.

FOX, P. J.—This cause is before this court upon a writ of error sued out by plaintiffs to have a judgment rendered by the circuit court of the city of St. Louis reviewed by this court.

This cause in a certain sense may be treated as a companion case with Clementine Hellman v. William Somerville et al., decided at the present sitting of this court, and reported in 212 Mo. 415. In that case William and Hattie P. Somerville, who were defendants, filed a cross-bill, which is fully stated in the opinion, and therefore it is unnecessary to reproduce, in the statement of this cause, the cross-bill or the facts therein embraced. It is sufficient to say that the facts upon which the cause of action is predicated in this cause are substantially the same facts pleaded in the cross-bill in the case heretofore indicated of Hellman v. Somerville et al. In the present case William Somerville and wife are plaintiffs in error and Clementine Hellman and Herman A. Haeussler are defendants in error. While the style of this cause embraces the name of Robert F. Blair, it seems that he was not served with notice of the writ and hence is not in the case before this court. The relationship of Clementine Hellman to all the transactions alleged in the petition in this cause are also fully set out and disclosed in the statement and opinion in the case heretofore referred to of Hellman v. Somerville et al.; therefore, it is unnecessary to make further reference to the allegations upon that subject in the petition in the case at bar.

Herman A. Haeussler, the other defendant, was a mere agent or attorney for the deceased husband of Clementine Hellman, except in so far as it appears he was trustee in a deed of trust given on the Market street property. His relation and connection with the transactions of which the plaintiffs in this cause complain, also fully appear in the statement and opinion in the other case decided at the present sitting of this court, as heretofore suggested. As evidencing the correctness of the conclusion that this case as presented by plaintiffs, William Somerville and Hattie P. Somerville, is substantially the same case as presented in their cross-bill in the other proceeding, we find that is the view that counsel take of it. In the brief of counsel in this proceeding there is this statement: "Plaintiffs also allege that in that suit these plaintiffs as defendants there interposed a cross-bill setting up substantially this cause of action, and that the matters in that cross-bill were by the court held not proper matters for counter-claim in that suit, and that said cross-bill was not germane to the original bill in that suit."

Doubtless the reference as made by the counsel in the quotation from the brief was directed to the cross-bill in the other case decided at this term of the court. The relief sought and prayed for is substantially to "award plaintiff the right to redeem the Market street property, after an accounting of rents and profits had been taken and also to compel the defendants, Clementine Hellman and Herman A. Haeussler, to account to plaintiff for the value of the Missouri Glass Company stock at the time of the pretended sale thereof, to-wit, November 20, 1900."

To the petition filed in this cause, which we repeat embraced substantially the same allegations as were contained in the cross-bill as heretofore referred to, which was fully set out in the case suggested, the de-

fendants, Clementine Hellman and Herman A. Haeussler, filed separate demurrers, which were as follows:

"Comes now defendant, Clementine Hellman, and demurs to the petition herein filed by the plaintiffs for the reason that petition does not state facts sufficient to constitute a cause of action against the defendant."

Defendant, Herman A. Haeussler, filed a demurrer in the following terms:

"Comes now defendant, Herman A. Haeussler, and demurs to the petition herein filed by the plaintiff for reasons:

"FIRST. Petition does not state facts sufficient to constitute a cause of action against this defendant.

"SECOND. Because on the face of this petition this defendant is not a necessary party to the complete determination of the action."

The demurrers as above indicated were taken up by the court and sustained. Plaintiff refusing to plead further, final judgment was rendered against them upon demurrers. In proper time the plaintiffs sued out their writ of error to this court and the record is now before us for review.

## OPINION.

### I.

The record before us discloses practically but one legal proposition, that is, in respect to the propriety of the action of the trial court in sustaining the demurrers interposed by the defendants to the petition in this cause. The entry of final judgment on the demurrers was tantamount to a dismissal of the bill and we are simply confronted with the question as to whether the petition in this cause stated a cause of action.

This bill, upon the subject of the Glass Company stock, charged that there was a conversion of such

stock by Hellman in his lifetime, through Haeussler, his agent or trustee. However, it will be observed that there was an entire failure to allege that the Hellman estate or the agent or trustee, Mr. Haeussler, were insolvent. It must not be overlooked that this action invokes the strong arm of equity, and in order to arouse the action of such court it is essential that the bill allege such a state of facts as would indicate to the equitable side of the court that the relief sought could not be obtained in a court of law. If Mr. Hellman or his agent or trustee, wrongfully converted the stock in the Glass Company, there is no reason why such wrongful act could not be remedied by an action for damages in a court of law. Hence, it must be held as to that charge, that the petition did not sufficiently state a cause of action which would authorize a court of equity to take jurisdiction. It is significant, and it is disclosed by the pleadings, that there has been no effort made to seek relief for this alleged conversion of their Glass Company stock for a period of four years or more. If this stock was wrongfully converted, as alleged, an action at law could have been instituted against Hellman in his lifetime or the claim presented against his estate within a proper time after his death, but this was not done, and it is now alleged in this petition that there has been a final settlement of the estate. Such a course of conduct does not readily arouse the activity of a court of equity, and in no event would such court entertain jurisdiction unless it was made to appear upon the face of the petition that an action at law for the conversion of the plaintiff's property would not have afforded ample relief.

## II.

This brings us to the consideration of the allegations in the bill in which it is sought to obtain a decree permitting plaintiffs to redeem the property on Market street.

In the petition it is admitted that plaintiffs executed the deed of trust under which the property was afterwards sold to Hellman and that the plaintiffs in this case had parted with their equity of redemption by deed to another prior to the sale under a deed of trust. It is also disclosed by the pleadings that William Somerville had actual notice of the date of sale and had arranged to have a man there to bid on the property to the amount of the $18,500 deed of trust, but by oversight and negligence the man did not attend the sale. It also appears in this petition that Hellman brought suit against both of the plaintiffs and procured a judgment for the balance due upon the note, which was something over eight thousand dollars. If there had been any fraud perpetrated upon the plaintiffs by reason of the sale under the deed of trust and by reason of such fraud the property failed to bring a sufficient amount to satisfy this note, that would have been a very appropriate time to have contested with Mr. Hellman his right to recover the balance upon that note.

In our opinion there are no sufficient allegations averring the facts which would constitute a fraud upon the part of the defendant Hellman or his agent or trustee, Mr. Haeussler, in the conduct in the foreclosure under the deed of trust. It is true there are loosely-worded allegations to the effect that promises were made to the plaintiff after the sale that they would be permitted to redeem at any time they got ready to do so, but so far as the allegations in the petition are concerned it does not appear that there was any consideration for any such promises, if they were made; neither is it made apparent by the allegations in the petition that Hellman ever authorized his agent and attorney, Mr. Haeussler, to make any such promises.

We have carefully analyzed the allegations in the petition in this cause. We had occasion to fully con-

sider them in the case of Hellman v. Somerville et al., and again renewed our consideration of them in the present case, and we have reached the conclusion that the action of the trial court in sustaining the demurrers was manifestly proper, and the plaintiffs having refused to further plead, the judgment of the court upon such demurrers should be affirmed, and it is so ordered.

All concur.