Matter of the Trust under the Last WILL
and Testament of Andrew JACKSON,
Deceased,

William Rudolph Luna, Trustee.

No. 7542.

Springfield Court of Appeals.

Missouri.

Oct. 20, 1956.

Esco V. Kell, West Plains, for appellant.

H. D. Green, Green & Green, Robert E. Hogan, Hogan & Hogan, West Plains, for respondent.

RUARK, Judge.

This appeal, so we assume from the brief of appellant, is a separate sprout growing from the roots of the controversy which resulted in our decision in In re Jackson's Will, Mo.App., 291 S.W.2d 214. Therein we held the acceptance of resignation of a trustee and appointment of a successor trustee, without notice to an interested party litigant, was error. Respondent here has filed motion to dismiss the appeal.

The notice of appeal in this case is dated February 29, 1956, and states that it is from the judgment and order of the judge of the trial court on that same date. No transcript has been filed on this appeal, nor has a certified copy of the judgment or order appealed from been presented. Only by referring to appellant's brief do we gather that the controversy is over the allowance to the trustee of attorney's fees in unsuccessfully resisting the appeal from the order of the court refusing to set aside the appointment of such trustee. An examination of the transcript in the former case, which former transcript is dated November 5, 1955, shows that it contains nothing whatsoever concerning the application for or the allowance of attorney's fees.

The statute, section 512.110 RSMo 1949, V.A.M.S., and Supreme Court Rule 1.04, 42 V.A.M.S., require that the appellant shall cause a transcript to be prepared and filed, which transcript shall contain all of the record, proceedings and evidence necessary to the determination of all the questions to be presented. Obviously we cannot accept the statements made in the brief of one party as a substitute for this requirement. E. C. Robinson Lumber Co. v. Lowrey, Mo.App., 276 S.W.2d 636; Real Estate Inv. Co. v. Winn, 233 Mo.App. 26, 116 S.W.2d 550, 554. The appellant has come here empty-handed, there is nothing before the court for review, and Supreme Court Rule 1.15, 42 V.A.M.S., requires that the respondent's motion be sustained. See

Fulton v. City of Lockwood, Mo.Sup., 269 S.W.2d 1; Brand v. Brand, Mo.Sup., 245 S.W.2d 94.

The appeal is dismissed.

McDOWELL, P. J., and STONE, J., concur.