D. P. PHARIS, Administrator of W. G. Hobbs, Respondent, v. HENRY SURRETT *et al.*, Appellants.

### St. Louis Court of Appeals, April 18, 1893.

1. **Foreclosure of Mortgage:** PROCEDURE ON FAILURE OF MORT-GAGEE TO FILE NOTES SECURED. It is proper for the defendant mortgagor in an action for the foreclosure of a mortgage to plead that the mortgage was given to secure his promissory notes, and to then move for a dismissal of the action, when the petition does not disclose that fact and the plaintiff omits to file the notes therewith or to account for their absence.

2. ————: NON-PRODUCTION OF NOTES SECURED AT THE TRIAL. Though the defendant mortgagor fails to thus avail himself of the omission, he is nevertheless entitled to the production of the notes at the trial; and the rendition of a decree of foreclosure without such production of them, when it is insisted upon by him, and without any accounting for their absence, is prejudicial error.

3. **Recovery of Purchase Price of Lands:** FAILURE OF CONSIDERATION. Proof that, at the time of the sale and conveyance of land, there was an outstanding title, is not sufficient to support a plea of the complete failure of the consideration in an action to foreclose a mortgage given to secure the purchase price. If such a defense is available at all, it is certainly not so without a showing that the vendor conveyed neither a marketable title nor the possession.

*Appeal from the Barry Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

REVERSED AND REMANDED.

*N. Gibbs* and *T. M. Allen*, for appellants.

(1) The mortgage filed with plaintiff's petition, which he was in this action seeking to foreclose, was given expressly to secure the payment of two certain promissory notes, executed by one of the defendants to plaintiff's decedent; said notes were not alleged to

be lost or destroyed, and were not filed with the
petition and no verified copy of said notes was filed
with the petition, and defendants' motion to dismiss
the action should have been sustained. *Burdsal v.
Davies,* 58 Mo. 138;. *Peck v. Bell,* 65 Mo. 224; *Dyer v.
Murdoch,* 38 Mo. 224. (2) The two notes mentioned
in the mortgage that plaintiff was seeking to foreclose,
and to secure the payment of which notes said mortgage
was given, were not filed with the petition, and no
reason was given for not filing them; and defendants'
motion to require plaintiff to file said notes should have
been sustained. 1 McQuillin's Pleading & Practice,
sec. 279, and note 113; *Railroad v. Knudson,* 62 Mo.
569; *Christie v. Railroad,* 94 Mo. 453; *Kingsland, etc.,
Mfg. Co. v. Iron Co.,* 29 Mo. App. 526; *Rothwell v.
Morgan,* 37 Mo. 107. Between the original parties
to a negotiable note, or to any other instrument,
the consideration may be inquired into, and if consid-
eration fail there can be no recovery. *Klein v. Keyes,*
17 Mo. 326; *Baile v. Ins. Co.,* 73 Mo. 371; *Liebke v.
Knapp,* 79 Mo. 22; *Fontaine v. Boatman's Savings
Bank,* 57 Mo. 552; *Hollocher v. Hollocher,* 62 Mo. 267;
*Hacker v. Brown,* 81 Mo. 68.

*T. D. Steele* and *W. Cloud,* for respondent.

Rombauer, P. J.—This is a statutory proceeding
to foreclose a mortgage. The trial was before the
court and resulted in a judgment of foreclosure with
award of special execution, and execution over for the
residue. The defendants, appealing, assign for error
that the court erred in not requiring the plaintiff to
produce the notes secured by the mortgage before ren-
dering judgment, and also erred in not sustaining
defendant's plea of a total failure of the consideration
of said notes, and that the judgment is unwarranted
by the evidence and excessive.

The plaintiff's petition states that the mortgage was given to secure an indebtedness of $96.50, without stating, however, that such indebtedness was evidenced by any notes. The mortgage, which was filed with the petition, disclosed the fact that the indebtedness consisted of two promissory notes, one for $46.50 payable in one year, and one for $50 payable in two years. The defendant Henry Surrett filed an amended answer to the petition, stating that the promissory notes, described in the mortgage filed with the petition, were given in part payment of certain land to the plaintiff's intestate Hobbs, and that Hobbs had neither the possession of nor any title to the land, but that the title thereto at the date of the conveyance to defendant was in the heirs of John F. Bartlett, whose grantees thereafter conveyed the same to his wife and co-defendant Susan A. Surrett. Susan A. Surrett also filed a separate answer substantially stating the same facts. After these answers were filed, both defendants jointly filed motions to dismiss the plaintiff's petition, and also to compel the plaintiff to file the mortgage notes, which motions were overruled by the court, such ruling constituting the first error complained of.

This assignment of error is based upon a misconception of the pleadings. The petition does not purport to be founded upon any notes, but upon a debt evidenced by the mortgage alone. The defendants' answers and motions are not directed to the petition, but to an instrument filed with the petition as an exhibit, and forming under our practice no part of the record. *Kearney v. Woodson*, 4 Mo. 114; *Bowling v. McFarland*, 38 Mo. 465; *Kern v. Ins. Co.*, 40 Mo. 19.

On the other hand the respondents' claim that these motions were properly overruled, because not made before the filing of the answers, is equally untenable. Had the petition shown that the action was founded

on a mortgage securing promissory notes, the defendants might have moved to dismiss, even after answer filed (*Rothwell v. Morgan*, 37 Mo. 107), although the petition would have been good on motion in arrest of judgment. *Burdsal v. Davies*, 58 Mo. 138. The defendants' proper way of proceeding was to set out in their answer the mortgage, or so much thereof as showed the fact that it was given to secure certain promissory notes, and then move to dismiss, because they were not filed with the petition, nor their absence satisfactorily accounted for.

As, however, there is no. controversy touching the fact that the mortgage did secure two promissory notes, which were neither filed with the petition nor produced at the trial, nor their absence accounted for, we ought not uphold the judgment, notwithstanding these technical defects in defendants' pleadings. When the mortgage was given in evidence, the court was bound to take notice of the fact that it was given to secure two notes, and the defendants then asked a declaration of law renewing the objection which they had formerly made by a motion to dismiss. ' It became the duty of the court to dismiss the case at that stage of the proceedings, as it was then again asked to do, unless the notes were produced or their absence satisfactorily accounted for.

Under the well-settled rule in this state a debt is the principal thing in a mortgage given to secure it, and a transfer of the debt carries with it the security. *Mitchell v. Ladew*, 36 Mo. 526; *Watson v. Hawkins*, 60 Mo. 550. The plaintiff's petition fails even to allege that the debt is still due *the plaintiff*, and it nowhere appeared in evidence that the plaintiff held any of the notes at the date of the institution of the suit. To permit a recovery under such circumstances might subject a defendant to a judgment at the instance of

the holder of the mortgage, and to other judgments at the instance of the holder of the notes. If the notes are lost, no recovery can be had thereon without the execution of an indemnifying bond. Revised Statutes, 1889, sec, 2185; *Barrows v. Million*, 43 Mo. App. 79.

The record is not in any shape to pass intelligently on the question presented by the defendants' second assignment of error. There is no evidence in the record what title, if any, the plaintiff's intestate had when he conveyed the land to the defendant Henry Surrett. The defendants did give evidence of a title in the heirs of John F. Bartlett by a chain of conveyances from the government and by descent, but they gave no evidence that those were the only conveyances of record touching this land. *Non constat*, but the title of the plaintiff's decedent was a marketable title when he conveyed the land to Surrett. If the attempted defense is available at all, it is clearly not available without showing that the mortgagee conveyed neither a marketable title nor the possession. Whether it is available at all in the absence of fraud we need not decide. The excess in the judgment, and error in the form of the judgment entry, are conceded by the respondent.

For error in the court's action in rendering judgment upon a debt evidenced by notes, without requiring either the production of the notes or a satisfactory reason for their non-production, as well as for excess in the judgment and error in the judgment entry, the judgment will be reversed and the cause remanded. So ordered. All the judges concur.