# EDWARD O. YANCY, Appellant, v. NEWTON R. JONES, Respondent.

**St. Louis Court of Appeals.    Submitted on Briefs November 11, 1910.    Opinion Filed November 29, 1910.**

1. **APPELLATE PRACTICE: Abstracts: Failure to Set Out Entire Evidence.** In an equity case, where appellant's abstract of the record does not contain all of the testimony that was befor the trial court, the presumption is, that the trial court committed no error in its findings.

2. ———: ———: ———: **Rules Construed.** Under Rule 9 of St. Louis Court of Appeals, requiring the whole evidence to be embodied in the bill of exceptions in equity cases, the court, on appeal, in an equity case, may refuse to review the sufficiency of the evidence, unless the entire evidence is presented in the abstract of the record, except where the case was tried on an agreed statement of facts, under Rule 22; Rule 8, providing that for the purpose of reviewing the giving or refusing of instructions it shall be sufficient to state there was evidence to prove a particular fact, applying to actions at law.

3. **INJUNCTIONS: Right to Injunction.** A court of equity will not grant an injunction except on clearest proof.

4. **CONTRACTS: Existence: Sufficiency of Evidence.** Evidence *held* to justify a finding that a contract was not made between the parties.

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale,* Judge.

AFFIRMED.

*Peers & Peers* for appellant.

*R. T. Stillwell* and *W. G. Schofield* for respondent.

REYNOLDS, P. J.—To follow and quote from the statement of the case by counsel for appellant, "this is an action in equity by Edward O. Yancy, this appellant, and against Newton R. Jones, this respondent, filed in the circuit court of the city of St. Louis to the April term, 1910, in which appellant seeks to enjoin respondent from selling or causing to be sold, directly or indirectly, any cider, vinegar or competitive goods, in the states of Iowa, Illinois, Nebraska, Missouri or Arkansas for a period of five years, in competition to the O. L. Gregory Vinegar Company of St. Louis.

"The petition in this case is in the usual form and alleges that respondent agreed with appellant that if he, appellant, would purchase respondent's twenty-five hundred shares of stock in the O. L. Gregory Vinegar Company of St. Louis for two thousand dollars, cash; that he, the respondent, would contract and agree not to sell or cause to be sold, directly or indirectly, in the states and territory above mentioned, any cider, vinegar or other competitive goods for any person, partnership or corporation in competition to the O. L. Gregory Vinegar Company of St. Louis for a period of five years from the date of said agreement."

Going to the abstract, we find that in addition to the above matter, it states that the agreement of sale to the above effect, was then reduced to writing for signature by plaintiff and defendant; that plaintiff paid to defendant the sum of two thousand dollars, the consideration agreed upon aforesaid, but that the defendant failed and refused to sign the written agreement and in violation of the agreement had entered into the employ of the St. Louis Vinegar Company, a concern doing business in the city of St. Louis as a dealer in the same and similar articles dealt in by the O. L. Gregory Vinegar Company, and being its competitor in business, to sell its merchandise and products in the states named in competition to the said O. L. Gregory Vinegar Company, and that the defendant has been and

is selling cider, vinegar and other competitive goods of the St. Louis Vinegar Company in competition with the O. L. Gregory Vinegar Company in said states to divers persons, etc., whose names are unknown and cannot be stated, and that he will continue to make and cause to be made, directly or indirectly, such sales of cider, vinegar and other competitive goods to such persons, partnerships and corporations in said states and doing business therein of cider, etc., and other competitive goods, unless restrained from so doing by order and decree of the court, to the great damage and injury of the plaintiff, for which he has no adequate legal remedy, hence he prays for a temporary injunction restraining plaintiff until a hearing of the cause and at the hearing for a permanent injunction restraining him from violating the contract referred to and for general relief. A temporary injunction was granted, bond being filed, an answer containing a specific denial and alleging new matter in avoidance, and a reply filed and a motion to dissolve this injunction. The cause was heard before the court, not alone on the motion to dissolve, but on the petition, answer, reply (which was a general denial of the new matter), and testimony introduced. At the conclusion of the hearing the court dissolved the temporary injunction and dismissed the suit. From this action plaintiff below has duly perfected an appeal to this court.

The rules of this court, and innumerable decisions by it and by our Supreme Court, require, as an indispensible requisite to the review of a cause in equity, when that review calls for an examination of the testimony, that the appellate court should have before it substantially all of the testimony that was before the trial court. Failing that, the presumption always is that the trial court committed no error in the conclusion arrived at on the testimony. It appears from the suggestion of counsel for the respondent, which is not controverted, and beyond all room for doubt, that the

appellant has failed to bring into this court, in the abstract which he has presented for our consideration, all the testimony which was before the trial court, either in extenso or substantially. Rule 9 of our court, which has been in force ever since the organization of the court in substantially its present shape, requires that in cases of equitable jurisdiction the whole of the evidence shall be embodied in the bill of exceptions. Rule 11 of our court provides: "The only purpose of a statement in a bill of exceptions, that it sets out all the evidence in a cause, being, that this court may have before it the same matter which was decided by the trial court, it shall be presumed as a matter of fact, in all bills of exceptions, that they contain all the evidence applicable to any particular ruling to which exception is saved." Rule 8, providing that for the purpose of reviewing the action of the trial court in giving and refusing instructions, it shall not be necessary to set out the evidence in the bill of exceptions, but it shall be sufficient to state that there was evidence tending to prove a particular fact, or facts in evidence, applies to actions at law, and is for the purpose of enabling this court to intelligently pass on instructions, and instructions are not usually given in causes tried as in equity. Nor have the remarks we here make any relevancy to Rule 22, which applies to causes submitted and tried on agreed statements of the cause of action, facts, etc., and which necessarily cover all facts on which the cause was tried below.

We have had occasion to pass on Rule 9 and on this point lately in the case of Bonet Construction Co. v. Central Amusement Co., decided at this term, and it is only necessary to say in addition to what is there said, that it is useless to have these rules apply to bills of exceptions and then have them entirely disregarded in an abstract presented to us in a cause of equitable jurisdiction when the evidence is to be examined by us as if we were the triers of fact. In addition to the

cases referred to in the Bonet case, on the necessity of having before us, in causes of equitable jurisdiction, all of the testimony which was before the trial court, we refer to McKinney v. Northcutt, 114 Mo. App. 146, l. c. 153, 154, 89 S. W. 351, and authorities there cited.

While we might refrain from passing on the case on its merits by reason of the lack of a complete abstract of the testimony given at the trial, as we are always reluctant, although sometimes compelled, to dispose of a case on failure to comply with settled rules of procedure when satisfied that by so doing we are deciding against the very right of the thing, we have read all the testimony which has been furnished by counsel for the respective parties, and while we have no assurance that we have before us all the evidence which was before the trial court, such of it as is before us warrants us in saying that it fully sustains the conclusion arrived at by the learned trial court. This was an application for an injunction. It is a settled rule that courts of equity ought not to grant an injunction in doubtful cases, but only upon the clearest proof. Plaintiff and his witnesses testify that the agreement was as set out in the petition, and while there is no denial of the facts that defendant refused to sign the proposed agreement and entered upon the sale of competitive goods as agent for a competitor of the O. L. Gregory Vinegar Company of St. Louis in the territory named, the defendant and his witnesses testified as positively that no such agreement was made at the time of the sale and as a condition of the purchase of the stock. It further appears in the testimony that the plaintiff, without defendant having signed the agreement referred to, had from time to time paid defendant the whole of the two thousand dollars, either in cash or by negotiable notes, accepted by the defendant as cash. We gather from questions and remarks of the learned trial judge, made during the examination of plaintiff as a witness, that the court held this to be incompatible with the existance of the agreement claim-

ed.   At all events, we find sufficient in the evidence before us to hold that the conclusion arrived at is fully sustained by the evidence.   There were no declarations of law or finding of facts asked or given.

The judgment of the circuit court is affirmed. *Nortoni, J.,* and *Caulfield, J.,* concur.