Hull v. Hull.

## A. G. HULL, Respondent, v. MARY BACON HULL, Appellant.

### Kansas City Court of Appeals, February 3, 1913.

1. **APPELLATE PRACTICE: Equity Case: Partial Record.** Where appellant, in an equity case, fails to bring the entire evidence before the appellate court, appellant's claim of the insufficiency of the evidence will not be considered.

2. **DIVORCE: Evidence.** In this case, however, the evidence presented is reviewed and *held* sufficient to justify a divorce to plaintiff and the dismissal of defendant's cross-bill.

3. **EQUITY CASE: Weight of Testimony.** Appellate court can, in an equity case, weigh the testimony for itself and is not bound by the findings of the trial court, yet the latter's better opportunity to weigh the testimony is recognized and where it is conflicting and apparently of equal force and plausibility the trial court's judgment therein will be deferred to, if there is sufficient evidence upon which to base it.

Appeal from Bates Circuit Court.—*Hon. Charles A. Calvird,* Judge.

AFFIRMED.

*A. J. King* and *Sol. L. Long* for appellant.

*Scott & Bowker* for respondent.

TRIMBLE, J.—Suit for divorce on the ground of indignities. The answer and cross-bill denied the charges, alleged indignities on the part of plaintiff and prayed a divorce for defendant. The case began in the circuit court of Vernon county, but on a change of venue applied for by defendant, was sent to Bates county. There a trial was had and a judgment rendered in which defendant was allowed $300 temporary alimony, a divorce awarded plaintiff on his petition and defendant's cross-bill dismissed.

The sole error complained of by appellant is that the evidence is insufficient to justify a divorce to plaintiff.

The abstract of record neither contains nor pretends to contain all of the evidence in the case. It sets forth the testimony of plaintiff and defendant; but, with reference to the testimony of a number of other witnesses, it gives merely appellant's conclusion as to what such other testimony tends to prove. It also shows that certain letters written by appellant were in evidence, but their contents are not set out in the abstract. The sufficiency of the evidence being in question, it was the duty of defendant, under Rule 15 of this court, to have set it all out fully and completely in her abstract. And, we could decline to consider appellant's appeal because of this defect in her abstract. [Nichols v. Nichols, 39 Mo. App. 291; Nash v. Brick Co., 109 Mo. App. 600; Yancy v. Jones, 153 Mo. App. 206.] But, in a case of this character, we perfer to consider the appeal, if possible, rather than dismiss it for failure to comply with the above rule. We have, therefore, carefully examined the evidence set out to see whether or not the assigned error is well founded so far as the evidence shown is concerned. We are of the opinion that upon the evidence shown, if believed to be true, the trial court was fully justified in granting plaintiff a divorce. It shows, or tends to show, the following state of facts: Plaintiff was a farmer seventy-seven years old. He had been married before, living forty-six years with his first wife, and had reared a family. His first wife died about nine years prior to this marriage. Defendant was fifty-three years of age, and this was her third marriage, her first husband being dead and the second divorced. Plaintiff met defendant at Nevada whither she had gone to attend a convention of the so-called "New Thought" Cult. They were married at the Weltmer Institute, an organization teaching an alleged system of mental healing without the use of drugs. They lived together five months when defendant, on the pretext of going to the home of one of the healers of the

Institute for treatment, left plaintiff's home, in company with the healer and his wife, and four days later brought suit for divorce alleging certain scandalous and indecent charges not fit to be set out here. The circuit court heard those charges and dismissed her petition. Thereupon, defendant either telephoned or sent word to defendant that she wanted him to absent himself from his home so that she could go there and get her things without the annoyance of seeing him. He complied with her request and left for a time. Upon his return he found his wife with her goods barricaded in two of the rooms. When he asked at the door who was in there, she replied "The lady of the house. I have come to stay, and you had better go away, or I will put something through you you don't want." Plaintiff lived thus about a month and then left his home and afterwards brought this suit. In addition to the foregoing the evidence tended to show that a little over a month after they were married defendant wanted plaintiff to remove some tin cans from the back lot, and when plaintiff said he would have them removed as soon as a dray came around, his wife insisted upon his doing it at once and in the course of the curtain lecture told him, "You don't know what I came here for but you will find out before four or five years." It also tends to show, somewhat vaguely perhaps in the printed record, that she was cold toward him, treated him with contempt, failed at times to get his meals, and intimated to him that she was living in a world of thought which he could neither enter or understand. It also shows, and this she practically admits, that she wrote down scandalous and indecent charges against her husband and showed them to one or more of his friends. These were the same charges contained in her petition for divorce and reiterated in her cross-bill. It is unnecessary to state the scandalous and indecent charges above referred to. The court heard defendant's testimony in regard to them,

but evidently did not believe them to be true. Nor is it necessary to enumerate other instances of alleged misconduct contained in the testimony upon which plaintiff based his right to a divorce. Suffice it to say that all in all the evidence, if true, was amply sufficient to entitle plaintiff to a divorce. Appellant denies most of these charges but admits some of them.

It is true, in an equity case, the appellate court is not bound by the conclusions of the trial judge, but can for itself weigh and determine the evidence and its sufficiency. In this case, however, owing to the charges and recriminations made by each of these parties against the other, the trial judge who saw and heard the parties is in a much better position than we are to decide which one was telling the truth. Two circuit judges heard the testimony in regard to defendant's charges against her husband and both rejected them as untrue and decided in favor of the plaintiff. We would be inclined to defer to the conclusion of the trial court, even if the evidence upon which the divorce was granted did not of itself show some earmarks of its truthfulness. The judgment is therefore affirmed. All concur.