C. M. LA RUE, Appellant, v. ALFRED D. BLOCH, Respondent.*

In the Kansas City Court of Appeals, November 5, 1923.

1. **APPEAL AND ERROR: Court Rules: On Appeal in Equity Case, Penalty for Failure to Bring All of the Testimony Before Appellate Court is Dismissal of Appeal and not Affirmance of Judgment.** Under rule 18, the penalty provided for failure to bring all of the testimony in an equity case before the appellate court, as required by rule 14, is dismissal of the appeal.

2. ————: **Appellate Court Cannot Accept Mere Assertion Made in Appellant's Brief Concerning Basis of Court's Action, but Must Look to the Record Therefor.** Appellate court cannot accept mere assertion made in statement contained in appellant's brief, to the effect that Chancellor based his judgment upon the sole ground that plaintiff had not proven he was owner of note or indebtedness, but must look only to the record to ascertain what court did and the ground the judgment was based upon.

3. ————: **Where All the Evidence was not Brought up on Appeal, but the Evidence in the Record Supported the Judgment, the Appellate**

Court Will not Disturb Same, the Burden Being upon Appellant to Show That Judgment was Erroneous. In an equity case where all the evidence was not brought up on appeal, but the evidence in the record tended to support the judgment, the appellate court cannot say the judgment was erroneous, the burden of showing that the same was wrong being upon appellant.

4. ———: Appellant Could not Complain That Judgment in Favor of Appellee Did not Grant Him Full Relief. Where judgment in appellee's favor did not go to full extent prayed for, that was a matter concerning which he alone could object, and appellant could not complain thereof.

5. MOTION IN ARREST: Errors Appearing upon Face of Record Proper Must be Preserved by Motion in Arrest. Errors appearing upon the face of the record proper must be preserved by motion in arrest.

6. MORTGAGES: Mortgage Note is Evidence of Indebtedness, and Right to Sue Thereon Goes with Note to Holder Thereof. While a cause of action to recover deficiency in a mortgage debt after foreclosure was not one on a note, but was one on the covenant of assumption in the mortgage, the note was evidence of the indebtedness, and the right to sue on the covenant goes with the note to whomsoever it was transferred and a declaration of law to the effect that no evidence was required to prove plaintiff was the owner of the indebtedness but that the law presumed that payee was the owner and holder of note was not erroneous.

7. ———: Acceptance and Recording of Deed Held not Sufficient Evidence of Assumption of Mortgage Debt. The mere acceptance and recording by defendant of deed to mortgaged property, was not sufficient evidence of his assumption of the mortgage debt to bind defendant where the issue was whether any such agreement was made.

*Headnote 1. Appeal & Error, 4 C. J., Section 2226; 2. Appeal & Error, 4 C. J., Section 2365; 3. Appeal & Error, 4 C. J., Section 2665; 4. Appeal & Error, 4 C. J., Section 2893; 5. Appeal & Error, 3 C. J., Section 642 (1926 Anno); 6. Mortgages, 27 Cyc, p. 1758 (1926 Anno); 7. Mortgages, 27 Cyc, p. 1750.

Appeal from Circuit Court of Clay County.—*Hon. Ralph Hughes*, Judge.

AFFIRMED.

*Oyler & Anderson* and *Fyke, Snider & Hume* for appellant.

*John C. Grover* and *E. M. Tipton* for respondent.

TRIMBLE, P. J.—This is a suit to recover judgment for a deficiency of nearly $1000 in the payment of the debt after the foreclosure of a mortgage given to plaintiff by one Firestone on a hotel in Kansas. After giving the mortgage, Firestone conveyed the hotel to the defendant Bloch. This suit is based upon an alleged assumption and agreement on the part of Bloch, in the deed to him, to pay said mortgage.

After denying generally, defendant set up that if the deed contained a clause assuming and agreeing to pay said mortgage, it was fraudulently inserted in said deed without defendant's knowledge or consent, and that, therefore, the deed did not express the real contract between the parties; wherefore defendant prayed to have the pretended assumption clause adjudged void and the deed reformed. The reply was a general denial.

The case was tried as one in equity. The Chancellor found the issues for defendant and rendered judgment that defendant go hence without delay and recover his costs. Plaintiff has appealed.

Appellant asks this court to reverse a judgment rendered against him in an equity case, and yet has not seen fit to bring all the testimony to this court. Respondent, in an additional abstract, has furnished us with a *portion* of the omitted parts of the bill of exceptions and asks the court to affirm the judgment because of the failure to bring all the testimony before us as required by our rule 14. Were we to apply or enforce the rule, we would have to dismiss the appeal as that is the penalty provided for in Rule 18.

However, the chancellor rendered his judgment, finding for defendant in general terms and there is nothing in the *record* to show upon what particular ground he did so.

There is an assertion in the statement contained in appellant's brief to the effect that the chancellor "based his judgment upon the sole ground that plaintiff had not proven that he was the owner of the note or indebtedness at the time suit was brought." Of course, we can look only to the record to ascertain what the court did and the ground the judgment was based upon. We cannot accept a mere assertion made in appellant's statement concerning the basis of the court's action. There is evidence in the record tending to show that Firestone's agent in attending to the sale and conveyance of the property to defendant fraudulently inserted the assumption clause in the deed, without defendant's knowledge, he being a foreigner and depending on what the agent told him as to the contents of the deed, having refused to agree to assume the mortgage. Hence the court may well have found for defendant upon the evidence in the case. Not having all of the evidence before us, we cannot say the judgment is erroneous. [Boettger v. Boyers, 188 S. W. 1124; Yancey v. Jones, 153 Mo. App. 206.] The burden of showing that the judgment was wrong is upon appellant. Respondent is not required to maintain it. [Gooden v. Modern Woodmen, 194 Mo. App. 666, 676.]

It is true the judgment does not go to the full extent prayed in defendant's answer and reform the deed but it would seem that this is a matter of which he alone need object and he is not complaining. However, no such point is made in appellant's assignment of errors, nor does it appear in the motion for new trial; and there was no motion in arrest, the proper place for errors appearing on the face of the record proper. [Nichols, etc., Co. v. Stokes, 196 S. W. 1075.

There is no such declaration of law lettered A in the record as the one called for in plaintiff's motion for new trial but if we can assume that the declaration in the record is the one referred to, we see no ground for reversal of the case on account of its refusal. It was to the effect that "no evidence is required to prove that

plaintiff is the owner of the indebtedness, the law presumes that the payee is the owner and holder of the note." While the cause of action in this case is not on the note but is on the covenant of assumption in the mortgage, yet the note is the evidence of the indebtedness and the right to sue on the covenant goes with the note to whomsoever it is transferred. The note was not introduced in evidence, nor was it shown where it was. The foreclosure proceedings show on their face that the foreclosure occurred before the maturity of the note, and while it was attempted to be shown by oral evidence that the *procedure* in Kansas is to file the note with the clerk of the court in which the proceedings are had, yet it was not shown that such was done with this note nor anything offered to show that, if it was, it was not subsequently withdrawn. The mere acceptance and recording of his deed by defendant is not sufficient evidence of his assumption of the mortgage debt to bind defendant in a case where the issue is whether any such agreement was made. [Johnson v. Maier, 194 Mo. App. 169, 172.] Hence there was no evidence in the case sufficient to show that plaintiff was entitled to recover. As said by ROMBAUER, P. J., in Pharris v. Surrett, 54 Mo. App. 9, l. c. 12, to permit a recovery under such circumstances "might subject a defendant to a judgment at the instance of the holder of the mortgage and to other judgments at the instance of the holder of the notes." There was no reversible error in refusing the declaration.

Some complaints are made as to the erroneous admission and also exclusion of testimony, but upon an examination it is manifest that if any of the admitted evidence complained of was not admissible, it could not change the result reached by the chancellor nor justify this court in reversing the judgment. The same is true as to the evidence excluded. [21 C. J. 559; Harlan v. Moore, 132 Mo. 483, 489.]

The judgment is affirmed. All concur.