## W. W. NORMAN v. PENNSYLVANIA FIRE INSURANCE COMPANY, Appellant.

**Division One, November 29, 1911.**

1. **PROCEEDINGS PENDING IN ANOTHER STATE: Proof: Stay of Execution.** In order that appellant in this suit upon an insurance policy may avail itself of any defense or partial defense or secure a stay of execution on the ground of pendency of garnishment proceedings in Pennsylvania, it is incumbent upon it to prove in the trial court the fact of the pendency of such proceedings.

2. ———: **Attachment and Garnishment: Statutory Actions.** Attachment and garnishment in attachment are statutory actions unknown to the common law.

3. **EVIDENCE: Judicial Notice: Statutes of Another State: Full Faith and Credit.** The courts of this State cannot judicially notice the statutes of a sister state even for the purposes of the full faith and credit clause of the Federal Constitution.

4. ———: **Laws of Sister State: Proof.** The opinion of a court of a sister state, to be accepted in this State as proof of the law of the sister state, must purport on its face to be the decision of a court of last resort in that state. In the absence of proof, the only assumption possible as to the statutes of a sister state is that they are like our own.

5. **ATTACHMENT: Affidavit.** Our statute requires the bond, petition and affidavit for attachment to be filed before the issuance of the writ. Defective affidavits may be amended, but the issuance of a writ of attachment without the filing of any affidavit for attachment is wholly unauthorized.

6. ———: **Service of Process: Acts of Garnishee.** In this case there appears no service of process upon the respondent (defendant in the attachment proceedings), and nothing that appellant, the garnishee, might do could validate the proceedings as against respondent.    •

7. ———: **Statutory Action: Jurisdiction: Presumptions.** No matter whether a court is or is not a court of general jurisdiction, its jurisdiction in attachment and garnishment proceedings, they being special and statutory, is not supported by the presumptions which usually attend the acts of courts of general jurisdiction.

Appeal from Stoddard Circuit Court.—*Hon. J. L. Fort,* Judge.

AFFIRMED.

*Bates, Harding, Edgerton & Bates* and *Charles Liles* for appellant.

(1)   The exemplified copy of the record of the proceedings in the case of Sheip & Vandergrift v. Norman, pending in the court of common pleas No. 5 for the county of Philadelphia, State of Pennsylvania, which shows that said court was a court of record, having a judge, a clerk, a sheriff and a seal, is conclusive proof that such court is a court of general jurisdiction, and that it had jurisdiction of the subject-matter of the action and of the parties thereto, in the absence of proof to the contrary.   Van Fleet on Collateral Attack, secs. 845 and 847; Am. Mut. L. Ins. Co. v. Mason, 159 Ind. 15; Bailey v. Martin, 119 Ind. 103; Old Ft. Wayne Mut. L. Ins. Assn. v. McDonough, 164 Ind. 321; Pringle v. Woolworth, 90 N. Y. 502; Stewart v. Stewart, 27 W. Va. 167; Woodworth v. McKee, 126 Iowa, 714; Williams v. Williams, 53 Mo. App. 617; Wilson v. Jackson, 10 Mo. 329; Seymour v. Newman, 77 Mo. App. 578; Datz v. Chambers, 3 Pa. Dist. Repts. 353; National F. Ins. Co. v. Chambers, 53 N. J. Eq. 468.   If it be claimed that the court was without jurisdiction, the burden was upon respondent so to show.   In his replication he advanced such claim, but did not offer a single word of evidence in support thereof.   The situation is precisely that commented upon in Rogers v. Alabama, 192 U. S. 226, and again in German Savings & Loan Society v. Dormitzer, 192 U. S. 125, in both of which cases it was said that such a suggestion, without evidence to support it, was such an attempt to evade the full faith and credit clause of the constitution as could not be upheld by the court.   (2) Appellant did, in fact, prove the law of Pennsylvania by introducing in evidence

the opinion of the court in Datz v. Chambers, 3 Pa Dist Rep. 353. The case is identically the same as to material facts as Sheip & Vandergrift v. Norman, and holds (citing statutes and decisions) that in Pennsylvania a debt due from a non-resident may be reached by garnishing funds in the hands of a nonresident insurance company authorized to do business in that state which are due to the nonresident debtor, in the precise manner done in the Sheip & Vandergrift case. The jurisdiction of a court of record may be proven by the law of the state. The law of a state is established either by the decision of its courts or by its statutes. The opinion in the case of Datz v. Chambers clearly proved the law of Pennsylvania and the jurisdiction of the court of common pleas for the county of Philadelphia, and in that case the District Court of Philadelphia, which is the same as the Court of Appeals of Missouri, clearly defined and fixed and established the jurisdiction of the court of common pleas of Philadelphia county to hear and determine garnishment suits. This opinion was not only competent evidence, but it is conclusive evidence to establish the jurisdiction of that court in this garnishment suit over the parties and the subject-matter. (3) In a case where the statute law of a sister state is not proved and the subject-matter is not covered by the common law, the courts of Missouri will assume that the statute law of such sister state is the same as the statute laws of Missouri. Wyeth. Hdw. & Mfg. Co. v. Lang, 54 Mo. App. 147, 127 Mo. 242; Bain v. Arnold, 33 Mo. App. 631; White v. Charry, 20 Mo. App. 389; Hoffmeyer v. Losen, 24 Mo. App. 652; Flato v. Mulhall, 72 Mo. 522; Sloan v. Terry, 78 Mo. 623; Fielden v. Jessup, 24 Mo. App. 91. To the same effect are the cases cited by the court in Hurley v. Railroad, 57 Mo. App. 675; Barhydt v. Alexander, 59 Mo. App. 188; Brinkman v. Luhrs, 60 Mo. App. 512. (4) In a suit in a state court, where the question in issue re-

quires the application of the full faith and credit clause of the Federal Constitution, the state court will take judicial notice of the local laws of the State from which the record comes. State of Ohio v. Hinchman, 27 Pa. St. 479; Trowbridge v. Spinning, 23 Wash. 48; Payne v. Schenectady Ins. Co., 11 R. I. 411; Rae v. Hulburt, 17 Ill. 577; Kopperl v. Nagy, 37 Ill. App. 24; Miner v. Rogers Coal Co., 25 Mo. App. 78.   (5) This case should be reversed and remanded to the Stoddard circuit court, with directions to stay the execution until the defendant is enabled by further exemplifications from the record of the court of common pleas of Philadelphia county, Pennsylvania, in which the Sheip & Vandergrift case is pending, to show the proceedings and judgment in that case since the date of the judgment herein.

*N. A. Mozley, James & Green* and *Ernest A. Green* for respondent.

The declaration of law given by the court at the request of plaintiff was a correct one. There was no evidence whatever introduced in the case showing that the Court of Common Pleas No. 5 of Philadelphia county, Pennsylvania, had jurisdiction of either the subject-matter of the action or of the persons of either plaintiff or defendant herein in the cause of Sheip & Vandergrift v. W. W. Norman, alleged to be pending therein. Wyeth Hardware Co. v. Lang, 54 Mo. App. 147; Barnard Mfg. Co. v. Milling Co., 79 Mo. App. 153; Huffman v. Sisk, 62 Mo. App. 398; Gates v. Tusten, 89 Mo. 13; Wyeth Hardware Co. v. Lang, 127 Mo. 242; Howland v. Railroad Co., 134 Mo. 474; Masterson v. Railroad Co., 20 Mo. App. 653; Said v. Stromberg, 55 Mo. App. 438; Coleman v. American Fire Insurance Co., 74 Mo. App. 663; Meyer v. McCabe, 73 Mo. 236; Conrad v. Fisher, 37 Mo. App. 352; Nenno v. Railroad, 105 Mo. App. 540; Southern Illinois & Missouri

Bridge Co. v. Stone, 174 Mo. 1; Morton v. Supreme Council, 100 Mo. App. 76; Smith v. Aultman, 120 Mo. App. 462.

BLAIR, C.—The facts, in so far as they are pertinent to a consideration of the error assigned, are brief.

This is a suit on an insurance policy issued by appellant to respondent covering certain machinery in use in Stoddard county, and "payable to Sheip & Vandergrift as interest may appear." After loss the amount due on the policy was adjusted, and later this suit was brought.

The answer alleged, among other things, that Sheip & Vandergrift garnished appellant by attachment in the court of common pleas of Philadelphia, that said court had jurisdiction of the garnishment proceedings and such proceedings were still pending, Sheip & Vandergrift claiming the full amount due under the policy; that the policy was payable to Sheip & Vandergrift as their interest might appear, and respondent was not entitled to recover on the policy until the right of Sheip & Vandergrift to the proceeds of the policy had been determined; denies collusion and offers to pay the money into court to await the result of the controversy between respondent and Sheip & Vandergrift.

The reply denies the jurisdiction of the Pennsylvania court in the garnishment proceedings; denies that respondent is indebted to Sheip & Vandergrift and alleges collusion between these and appellant.

On the trial respondent introduced the policy, proof of loss, and the statement of the adjuster. Appellant offered a transcript of the records and proceedings of the court of common pleas, No. 5, for the county of Philadelphia, Pennsylvania, which showed that a writ of attachment issued out of that court on February 18, 1907, against respondent, and that the sheriff

made return, among other things, that he "attached as within commanded 2-18-1907 at 1:48 o'clock p. m."

There was no service upon respondent. The only affidavit shown by the transcript was one sworn to February 19, 1907, and attached to the "plaintiff's statement of claim and cause of action," merely verifying the truth of the allegations thereof, among which allegations is one that respondent was a resident of Missouri. When this was filed does not appear further than that it follows entries dated February 20, 1907, and precedes others dated February 25, 1907.

One Wintersteen entered his appearance for appellant February 20, 1907.

No judgment or other proceedings of the court, as such, were certified.

Appellant then offered in evidence an opinion of the district court of Pennsylvania to show the jurisdiction of the court of common pleas.

There was evidence for respondent tending to show that he owed Sheip & Vandergrift nothing and that they were heavily indebted to him, and evidence generally in support of the allegations of his pleadings. No objection for defect of parties was taken.

The court gave judgment on the policy for the amount at which the loss had been fixed by the adjustment and denied a motion to stay the execution until the determination of the garnishment proceedings in Pennsylvania. The motion mentioned does not appear in the record.

Appellant contends that the trial court erred in refusing to stay the execution on the judgment rendered until final disposition had been made of the garnishment proceedings in Pennsylvania, which, it is insisted, are shown by the record to have been pending in the court of common pleas in that State.

In order that appellant might avail itself of any defense or partial defense or secure a stay of execution in this action on the ground of the pendency of

garnishment proceedings in Pennsylvania (Railroad v. Sturm, 174 U. S. 710; Wyeth Hardware & Mfg. Co. v. Lang & Co., 127 Mo. 242; Howland v. Railroad, 134 Mo. 474), it is obvious that it was incumbent upon it to prove in the trial court the fact of the pendency of such proceedings.

This requirement appellant attempted to satisfy by offering in evidence the record of the Pennsylvania Common Pleas Court and a decision of the district court of that State. We do not think the proof sufficient.

Proceedings by attachment and garnishment in attachment were unknown to the common law and "to what actions the remedy of attachment may be given is for the Legislature of each State to determine." [Rothschild v. Knight, 184 U. S. 1. c. 341.]

The statutes of Pennsylvania were neither pleaded nor proved in this case and the courts of this State cannot judicially notice the statutes of a sister State (Coleman v. Lucksinger, 224 Mo. 1. c. 14; Gibson v. Railroad, 225 Mo. 1. c. 483) even for the purposes of the full faith and credit clause of the Federal Constitution. [Railroad v. Wiggins Ferry Co., 119 U. S. 1. c. 622; Ib. 73 Mo. 389; Hanley v. Donoghue, 116 U. S. 1. c. 4; Lloyd v. Matthews, 155 U. S. 1. c. 227.] The cases to the contrary to which we are cited are disposed of in these last mentioned decisions. Nor was the omission to plead and prove the Pennsylvania statutes supplied by offering in evidence the opinion of the district court.

Though the fact be ignored that the action of the trial court in giving judgment as it did amounted to the exclusion from the evidence of the opinion of the district court of Pennsylvania in the Datz case and to that extent is fully justifiable on the ground that the record discloses nothing which meets the objection that the opinion as offered did "not purport on the face thereof to be the decision of a court of last resort of

the State of Pennsylvania," yet the opinion itself goes no further than to hold that a foreign insurance company may be garnished in the Courts of Common Pleas in Pennsylvania and at. the most furnishes a sort of secondary evidence (Charlotte v. Chouteau, 25 Mo. l. c. 473) of the existence of the remedy of attachment and garnishment in the state named and of the jurisdiction generally in such cases of the courts mentioned. The opinion does not set forth the procedure in such cases, the method of instituting them, nor any of the statutory provisions with which we are here concerned.

But it is asserted that under these circumstances we must assume that the statutes of Pennsylvania are the same as our own. Whatever difficulties stand in the way of assuming the existence in another State of statutes in derogation of the common law need not be discussed here.

Since proceedings by attachment are purely statutory, unless some assumption with reference to the attachment statutes of Pennsylvania be made, appellant is left without any basis for its assignment of error, and if we assume that those statutes are like our own, the only assumption anywise possible, it is demonstrated that the trial court was right in holding that the record of the court of common pleas disclosed a lack of jurisdiction. The transcript is certified to be a full, true and complete record of all the proceedings in that court and shows on its face that no affidavit of attachment was filed at all and that the affidavit in verification of the "statement of claim and cause of action" (the only affidavit shown to have been filed) was not sworn to or filed until after the issuance of the writ of attachment and the attempted garnishment of appellant in that proceeding. Nor does it contain any of the allegations required by our law. Our statute (R. S. 1909, sec. 2301) expressly requires the bond, petition and affidavit for attachment to be filed before the issuance of the writ of attachment. None

of these things is shown to have been done. Defective affidavits may be amended, it is true (Avery v. Good, 114 Mo. 290; Burnett v. McCluey, 92 Mo. 230), but the issuance of a writ of attachment without the filing of any affidavit for attachment is wholly unauthorized. [Drake on Attachments, sec. 83 et seq.; Waples on Attachment and Garnishment, sec. 157 et seq; Wade on Attachment, sec. 41; Hargadine v. Van Horn, 72 Mo. 370; Bank v. Garton, 40 Mo. App. 113.]

No service upon respondent in the garnishment proceedings, by publication or otherwise, appears, and nothing that appellant, the garnishee, might do could validate the proceedings as against respondent. [Fletcher v. Wear, 81 Mo. 1. c. 531; Haley v. Railroad, 80 Mo. 112.]

Further, no matter whether the court of common pleas is or is not a court of general jurisdiction, its jurisdiction in attachment and garnishment proceedings, they being special and statutory, is not supported by the presumptions which usually attend the acts of courts of general jurisdiction. [Drake on Attachments, sec. 85.]

The exemplified record offered, however, not only fails to show jurisdiction but affirmatively shows the lack of it.

If there are statutory provisions in force in Pennsylvania different from ours in any of the respects commented upon, appellant should have offered them in evidence on the trial.

The conclusions announced dispose of all errors assigned and the judgment must be affirmed. *Brown, C.,* concurs.

PER CURIAM.—The foregoing opinion of BLAIR, C., is adopted as the opinion of the court. All the judges concur.