WALTER DONOVAN, Appellant, v. JAMES H. GIBBS.

Division One, June 2, 1916.

1. **ATTACHMENT: Against Nonresident: Dissolution Upon Answer.** Section 2298, Revised Statutes 1909, authorizing attachments against non-residents without bond, but declaring that "when any writ of attachment has issued against a non-resident and the plaintiff has given no bond, the attachment

Donovan v. Gibbs.

shall be dissolved as of course upon the defendant entering his appearance and filing his answer to the merits of the case," does not mean that the filing of an answer to the merits, without anything more, without even an application to or any action whatever by the court, of itself alone dissolves the injunction.

2. ————: ————: ————: Meaning of "Of Course." The words "of course" used in said statute and similar statutes mean any action or step taken in the course of judicial proceedings which will be allowed by the court upon mere application without inquiry or contest, but they imply some action by the court, upon motion or other request.

3. ————: ————: Answer Filed After Submission of Cause. After the non-resident defendant in the attachment, appearing solely to question the jurisdiction, had filed a motion, an *alias* summons was served on the defendant, who was temporarily in the county, and the cause was continued to be heard at the next term. At that term, and on November 29th, he filed a general denial by way of answer, no ruling having been made or asked on his plea to the jurisdiction, and no leave to file his answer having been given or asked. Judgment was rendered on November 30th, and the record of that day recites: "Now on this day this cause coming on to be heard, the judge of this court having previously heard the evidence of witnesses and the argument of counsel, and having taken the case under advisement, finds," etc., *Held*, that it must be presumed that the trial court acted in accordance with the law; and as the record recites that the cause was taken under advisement some time prior to the rendition of judgment, it will be presumed, in aid of the judgment, in the absence of a recital of the precise date on which it was taken under advisement, that it was under advisement when the answer was filed on November 29th, and hence the filing of the answer without leave and without setting aside the prior submission could not render applicable the proviso of Sec. 2298, R. S. 1909, even though it could be held to mean that a filing of an answer to the merits in an attachment against a non-resident in which no bond has been given of itself alone dissolves the attachment.

Appeal from Dent Circuit Court.—*Hon. L. B. Woodside*, Judge.

Affirmed.

*G. C. Dalton* for appellant.

(1) Under Sec. 2298, R. S. 1909, just as soon as the defendant entered his voluntary appearance and filed his answer to the merits, the writ of attachment was *ipso facto* dissolved; the declaration of law requested by the plaintiff should have been given by the court. It defines the phrase "as of course" and gives it almost the same meaning as the phrase *"ipso facto."* The definition of this phrase is the pivotal question in the case at bar. "The phrase 'of course' is defined as follows: That which may be done in the course of legal proceedings without making an application to the court."— Bouvier's Law Dictionary. See, Stoddard v. Treadwell, 29 Cal. 281. The meaning of the statute is clear. It is expressly stated in this statute that if plaintiff, without giving bond, brings his action, in attachment, against a non-resident defendant, entering his appearance and filing his answer, such attachment shall be dissolved. (2) The great fundamental rule in construing statutes is to ascertain and give effect to the intention of the Legislature. This intention must be the intention expressed in the statute. 36 Cyc. 1106 (2), 1107; Thornley v. United States, 113 U. S. 310; Gist v. Construction Co., 224 Mo. 369; Diedrick v. Rose, 228 Ill. 610. (3) A plaintiff could not sue a non-resident in attachment, without giving bond, under Sec. 370, R. S. 1899. This section was so amended by Laws of 1907, p. 69, as to enable plaintiff to sue a non-resident, in attachment, without bond; and this proviso was added by this amendment. This provision is the last expression of the legislative will. It is a well settled principle of law that the last expression of the legislative will is the law. In case of conflicting provisions in the same statute, the last enacted prevails. 36 Cyc. 1130, 1151. A proviso is a clause engrafted on a preceding enactment for the purpose of restraining or modifying the enacting clause, or of excepting something from its

operation which otherwise would have been within it. 36 Cyc. 1162; Wayman v. Southard, 10 Wheat. (U. S.) 130; Patterson v. Winn, 24 U. S. 380; DeGraff v. Went, 164 Ill. 485; State ex rel. v. St. Louis, 174 Mo. 125.

*W. P. Elmer* for respondent.

(1) The term "as of course" means as a matter of right, which needs no investigation by the court as to the truth of it. 6 Words and Phrases, p. 4914. (2) Sec. 2302, R. S. 1909, provides that in certain cases the court may order the attachment plaintiff to execute a new attachment bond. Section 2303 provides that if the plaintiff fails to comply with the order, the suit shall be dismissed at his cost. In construing these two sections, this court held that a proper notice and motion and order were necessary to dismiss the suit. Jasper County v. Chenault, 38 Mo. 357; Englehart Co. v. Burrell, 66 Mo. App. 117; State ex rel. v. McKeon, 25 Mo. App. 667. (3) Section 2341 provides how attachments shall be dissolved. This section was not amended in 1907 to show the legislative intent of the amendment to section 2298, but the method of the dissolution as pointed out in section 2341 was applicable to attachments without bond, as provided in section 2298 where the State or the county was a party. An order of court is necessary to dissolve an attachment for the causes enumerated in section 2341 and when the defendant complies with the requirements of section 2341 the attachment should be dissolved as a matter of course. The only difference between the requirements of section 2341 and section 2298 would be the sufficiency of the affidavit and bond, which are to be approved by the court, and when they are approved the defendant has as much right to have the attachment dissolved as the defendant under section 2298 without bond would have had on entering his ap-

pearance and filing his answer to the merits. (4) Section 2342 provides that when an attachment shall be dissolved, all proceedings touching the property and effects attached shall be vacated. This section certainly relates to a dissolution as provided in section 2298, although enacted prior to the amended section. This section certainly contemplates and presupposes that some action would be taken by the court ordering and directing that the attachment be dissolved. Such a construction as is contended for by the appellant on section 2298 would make the attaching officer the absolute judge as to whether he should hold or release attached property.

BLAIR, J.—This is a suit under section 2535, Revised Statutes 1909, to adjudge and quiet title to lot two of the northwest quarter and the north half of lot two of the southwest quarter of section 31, township 35 north, of range 5 west, in Dent County. The Dent Circuit Court rendered judgment for defendant, and this appeal followed. B. P. Vickery is the agreed common source of title. Appellant claims through mesne conveyances from B. P. Vickery, having obtained a deed in September, 1909. Respondent claims title under deed from Stephens and Horsman, whose title depended upon the validity of a sale under judgment in a suit by attachment they began against B. P. Vickery November 5, 1908. The ground of attachment was Vickery's nonresidence. No attachment bond was given. Service was had by publication. On April 21, 1909, Vickery, appearing solely to question the jurisdiction, filed a motion in the cause. On April 22, 1909, *alias* summons was served in Dent County on Vickery, who was temporarily there. The cause was continued and was heard at the next term of court. On November 29, 1909, Vickery filed a general denial by way of answer, no ruling having

been had or asked on his plea to the jurisdiction, and
no leave to file answer having been asked or given so
far as the record shows. On November 30, 1909, the
court rendered judgment in the attachment proceed-
ings, reciting: "Now on this day this cause coming on
to be heard, the judge of this court having previously
heard the evidence of witnesses and the argument of
counsel, and *having taken the case under advisement*"
(italics ours) "finds the issues for the plaintiffs in the
sum of two hundred dollars." Then follows an ordi-
nary judgment by attachment declaring a lien upon the
land attached in that suit and involved in this. Vickery
called neither his plea nor his answer to the attention
of the court in that case, nor did he move to dissolve
or ask dissolution of the attachment or vacation of the
attachment proceedings. Neither did he appeal from
the attachment judgment. Sale was regularly made
under that judgment, and Stephens  and Horsman pur-
chased the land and took possession. Subsequently, for
full price, they sold to defendant, who took possession
and thereafter expended nearly two thousand dollars
in money and labor improving the land, erecting a
dwelling, barns, fences, digging wells, clearing, making
a pond, etc. When attached the land was subject to a
deed of trust for five hundred dollars which Stephens
and Horsman paid and which sum appellant does not
offer to repay. April 19, 1909, some months after the
attachment suit  was begun and sometime after service
by publication was had, B. P. Vickery and wife exe-
cuted a deed, recorded April 23, 1909, purporting to
convey the attached property to Wm. B. Vickery, who
lived in the same town in Illinois with B. P. Vickery.
May 3, 1909, Wm. B. Vickery and wife conveyed to
Anna B. Vickery, also of the same town. September
8, 1909, Anna B. Vickery and husband *B. P. Vickery,*
who had then removed to South Bend, Indiana, in con-
sideration of *one dollar,* conveyed to appellant, also of

South Bend. Appellant then had knowledge of the pendency of the attachment suit. Neither appellant nor any one of the Vickerys testified in this case.

Appellant's sole contention is that the filing of Vickery's answer in the attachment suit on November 29, 1909, *ipso facto,* instantly dissolved the attachment and, as instantly, freed the attached land from the lien, and that his title under his deed of September 8, 1909, is, consequently, one in fee simple, unaffected by the sale in the attachment proceedings. This contention is grounded upon the proviso in section 2298, Revised Statutes 1909. That section authorizes attachments without bond against non-residents but provides that "when any writ of attachment has issued against a non-resident and the plaintiff has given no bond, the attachment shall be dissolved as of course upon the defendant entering his appearance and filing his answer to the merits of the case."

It is obvious the plea to the jurisdiction did not affect the attachment, since the statute makes an "answer to the merits of the case" a condition precedent to whatever relief the proviso affords one within its scope. Did the filing of the answer automatically dissolve the attachment?

1. In Brown v. McKown, 265 Mo. l. c. 335 et seq., we recently had occasion to consider the effect of the proviso in section 2298, but what was said in that case was not directed to the point appellant now presents. The question here is whether the quoted language of the proviso means that the filing of an answer to the merits, in a case to which it applies, of itself dissolves the attachment without application to or action by the court and without any further step of any kind. The words to be construed are "shall be dissolved as of course." Had the Legislature intended to provide that upon the filing of an answer in such

<span>Attachment:<br>Dissolution<br>By Answer.</span>

a case the attachment should, when answer was filed, *thereby stand dissolved,* and the attachment proceedings thereby stand vacated, we think it would have used words clearly stating that meaning. The language actually used ordinarily implies further action by the court or the party entitled to the benefit of such a provision. Black's Law Dictionary thus defines the words "of course:" "Any action or step taken in the course of judicial proceedings which will be *allowed by the court* upon *mere application,* without any inquiry or contest, or which may be effectually *taken* without even applying to the court for leave, is said to be 'of course.' " (Italics ours.) Bouvier's Law Dictionary defines the same words thus: "That which *may be done* in the course of legal proceedings without making any application to the court; that which is *granted by the court,* without further inquiry, *upon its being asked."* (Italics are ours.) In Yates v. People, 6 Johns. (N. Y.) l. c. 359, it was held that the words "of course" mean "according to the course and practice of the court." This was said in discussing writs issuable of course. In Merchants' Bank v. Crysler, 67 Fed. l. c. 390, in discussing motions "of course" in equity, the United States Circuit Court of Appeals for this circuit said such motions were those granted "without the court being called upon to investigate the truth of any allegation or suggestion upon which they are founded." In Stoddard v. Treadwell, 29 Cal. 281, it was held that a statute providing for costs following judgments "of course" meant "as a matter of right."

These authorities warrant the conclusion that the language of the proviso is not susceptible of the meaning now attributed to it by appellant. We hold that if in an attachment proceeding defendant desires the benefit of the proviso of section 2298, Revised Statutes 1909, it is incumbent upon him to move therefor. One effect of the dissolution of an attach-

ment is a right to a vacation of all proceedings "touching the property and effects attached, and the garnishee summoned" (Sec. 2342, R. S. 1909) and this also implies court action. That such attachment defendant is entitled, upon answering, to such dissolution of the attachment and vacation of proceedings and may secure it upon application does not sustain the contention that the filing of the answer in itself works a dissolution and vacation; unless we disregard the principle laid down in the authorities cited.

II. We must presume the trial court acted in accordance with the law. Therefore, even if it could be conceded appellant's construction of the statute is correct, yet the record shows the cause was

**Filing Answer After Submission.** taken under advisement sometime prior to the rendition of judgment on November 30, 1909. The record being silent, so far as appears here, as to the date on which the cause was taken under advisement, we can presume, in aid of the judgment, that it was under advisement when Vickery's answer was filed on November 29, 1909. Indulging this presumption, we are of the opinion that in such circumstances the filing of the answer without leave and without setting aside the submission could not render applicable the proviso of section 2298, even though it be construed as appellant desires.

The judgment is affirmed. All concur. *Bond, J.,* in paragraph two and the result.