## COOPERSMITH v. STEIN.
### Civ. No. 3473–49.

United States District Court.
District of Columbia.
March 19, 1953.

H. Max Ammerman, Washington, D. C., for Jack Coopersmith.

Ben Ivan Melnicoff, Washington, D. C., for Nathan Stein.

KIRKLAND, District Judge.

The plaintiff's pleadings indicate the following alternative relief is sought, specific performance of an alleged "written agreement" involving the sale of land in the District of Columbia, or damages resulting from the breach of said written agreement.

The record and argument of counsel show that a seventy-three year old man named Nathan Stein, while living in Florida undertook to open negotiations for the sale of "property in the name of Ethel Stein, located at Minnesota Avenue, N. E., Parcel 175/53". The record further discloses that the above property was originally owned by the wife of the defendant, and was subsequently devised in fee by her to the adult children with the exception of a curtesy interest which remained in the

defendant by reason of our local law, Title 18–215. At no time does it appear title to the property was ever vested in the defendant.

The defendant being a resident of the State of Florida, plaintiff secured an order permitting the substitution of publication for personal service, as is permitted under Title 13, section 108.

Service was had upon the defendant by publication and by plaintiff's counsel mailing a copy of the advertised order of publication to the defendant's residence in Florida. The defendant answered and as an initial defense challenged the jurisdiction of this court, both as to his person and as to the subject matter of the suit. Without waiving this jurisdictional defense there was also filed a response relating to the merits of the claim.

At the offset, it is noted that the property referred to above is located within the District of Columbia. Title 13–108 of the D.C.Code, and those portions of the statute directly affiliated with this case read as follows:

"Publication may be substituted for personal service of process upon any defendant who cannot be found and who is shown by affidavit to be a non-resident * * * in all actions at law and in equity which have for their immediate object the enforcement or establishment of any lawful right, claim, or demand to or against any real or personal property within the jurisdiction of the court."

■■ This statute enables the court to act upon any real or personal property within its jurisdiction. Such proceedings are commonly known as "in rem" proceedings, and may take place regardless of the whereabouts or residence of the owner of the property. See Tyler v. Judges of Court of Registration, 175 Mass. 71, 55 N.E. 812, 51 L.R.A. 433, wherein there is an excellent discussion of "in rem" proceedings by Mr. Justice Holmes. However, because the court has jurisdiction over the property it does not necessarily acquire jurisdiction over the owner therein.

Consequently, in the absence of personal service upon the defendant the court in proceedings "in rem", cannot enter any decree affecting the parties except with reference to the res in its control. 89 A.L.R. 1102. In this case plaintiff's position is even weaker in that the defendant owns nothing more than a curtesy interest; this being the state of defendant's title in the property, the court is without power to convey parcel 175/53 in fee as the plaintiff seeks in his prayers.

Foreseeing the possible failure of this approach, plaintiff also advances this theory: "the defendant, having entered a general appearance through his having pleaded to the merits, the court should enter a judgment in personam against him for the total value of the plaintiff's loss of bargain, regardless of the interest of the defendant in the District of Columbia".

■■ Under the new federal rules of civil procedure there is no reference to either a general or special appearance. "Every defense, in law or fact, to a claim for relief in any pleading, * * * shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, * * *. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion." Rule 12 F.R.C.P., 28 U.S.C.A. Under the present federal rules of civil procedure the defendant does not waive his right to challenge the jurisdiction of this court by joining this plea with a defense to the merits; nor is it any longer necessary to make a special appearance to challenge the jurisdiction over the person of the defendant. See Hazletine Corp. v. Kirkpatrick, 3 Cir., 165 F.2d 683; Branic v. Wheeling Steel Corp., 3 Cir., 152 F.2d 887; Gerber v. Fruchter, 2 Cir., 147 F.2d 120; Davis v. Ensign-Bickford Co., 8 Cir., 139 F.2d 624; Blank v. Bitker, 7 Cir., 135 F.2d 962; Johnson v. Scarborough, D.C., 88 F.Supp. 523; Fau-

chier v. McNeil Construction Co., D.C., 84 F.Supp. 574; Wedekind v. McDonald, D.C., 82 F.Supp. 678; Olshansky v. Thyer Manufacturing Corporation, D.C., 13 F.R. D. 227; Federal Landlords Committee, Inc., v. Woods, D.C., 9 F.R.D. 622.

In support of his contention plaintiff cites Volume I of "Moore's Federal Practice Under the New Federal Rules" (1938 Edition), particularly page 650, and Orange Theatre Corp. v. Rayherstz Amusement Corporation, 3 Cir., 139 F.2d 871, 874. The court has examined both references and finds no variance from the law stated above. Professor Moore does not propound the view that a mere *answer* in an in rem action is sufficient to give the court jurisdiction in personam over the defendant, rather the learned scholar advocates the courts make a full determination of the personal rights between the parties when there has been a *litigation* of the case on the merits. The Orange Theatre case states the general law in this field admirably. In his able opinion Circuit Judge Maris had this to say of general and special appearances:

"* * * Rule 12 has abolished for the federal courts the age-old distinction between general and special appearances. A defendant need no longer appear specially to attack the court's jurisdiction over him. He is no longer required at the door of the federal courthouse to intone that ancient abracadabra of the law, de bene esse, in order by its magic power to enable himself to remain outside even while he steps within. He may now enter openly in full confidence that he will not thereby be giving up any keys to the courthouse door which he possessed before he came in. This, of course, is not to say that such keys must not be used promptly. If the defense of lack of jurisdiction of the person is not raised by motion before answer or in the answer itself it is by the express terms of paragraph (h) of Civil Procedure Rule 12 to be treated as waived, not because of the defendant's voluntary appearance but because of his failure to assert the defense within the time prescribed by the rules. We conclude that within the time allowed for serving the answer the defendant may assert this defense unless he has waived it by some action other than his voluntary appearance. In so holding we are in accord with the decisions of other courts which have considered the question."

The court is of the opinion that it is without jurisdiction in the present matter and accordingly, the cause is dismissed. Counsel will prepare a suitable order.