C. S. FOREMAN COMPANY, a corporation, Plaintiff,

v.

H. B. ZACHRY COMPANY, a corporation, Defendant.

No. 9110.

United States District Court,
W. D. Missouri, W. D.

Jan. 22, 1955.

Paul Van Osdol, Jr., Kansas City, Mo., for plaintiff.

George L. Gordon, Kansas City, Mo., for garnishee.

WHITTAKER, District Judge.

Garnishee, Magnolia Pipeline Company, has moved for an order releasing and discharging it, as garnishee, for the reason that this action was commenced in the state court by the plaintiff by attachment—on the ground of non-residence and without bond—and the defendant has now filed an answer to the merits, which, garnishee argues, constitutes a general entry of appearance by defendant, and that plaintiff has not, within ten days from the service and filing of defendant's answer, filed an attachment bond, and, therefore, the attachment is "dissolved as of course", pursuant to the provisions of Section 521.050, V.A.M.S., and that, in consequence, garnishee is entitled to an order releasing and discharging it as garnishee herein.

It is true that defendant has filed an answer to the merits, but therein

it preserves and renews its position—made earlier herein by motion—that the court should have sustained its motion to quash the garnishment summons directed to garnishee herein, and the return of service thereon, and its motion to quash service upon defendant by mail, which motions the court overruled, D.C., 122 F.Supp. 859, and therefore, defendant still contends that the court does not have jurisdiction over its person.

■ In the first place, the phrase "shall be dissolved as of course," as used in Section 521.050, V.A.M.S., does not mean that the attachment shall be dissolved automatically. It only means that a motion to dissolve the attachment, in those circumstances, would be allowed by the Court without contest. But such a motion is, nevertheless, necessary. Donovan v. Gibbs, 268 Mo. 279, 187 S.W. 46, and, in the second place, it is the defendant not the garnishee, who is empowered to file such a motion to dissolve the attachment

■■ Moreover, the filing by defendant of an answer to the merits herein, asserting, as one of its defenses, the claim that the Court has no jurisdiction over its person, does not constitute an "entry of appearance" by it, in the sense that it can no longer challenge the jurisdiction of the Court. Under Rule 12(b) of Federal Rules of Civil Procedure, 28 U.S.C.A., a party must assert all his defenses in his responsive pleading, if one is required, but he may raise, by motion, any one or more of the seven defenses there enumerated. By subsection (h) of that rule, he "waives all defenses and objections which he does not present either by motion as hereinbefore provided or, if he has made no motion, in his answer * * *." Though he waives all defenses he does *not* so present, naturally, he does not waive the defenses which he *does* so present. While there are many early cases to the contrary, the now settled judicial interpretation is that special appearances neither gain nor lose anything and are unnecessary, and a de-

fendant who has challenged jurisdiction either by motion, or by answer, (and here the defendant has done both), does not waive personal jurisdiction, even though the answer pleads, as it must, to the merits. Carter v. Powell, 5 Cir., 104 F.2d 428; Devine v. Griffenhagen, D.C.Conn., 31 F.Supp. 624; Bowles v. Underwood Corp., D.C.Miss., 5 F.R.D. 25; Mission Beverage Co. v. Porter, D.C.N.Y., 72 F.Supp. 568; Orange Theatre Corp. v. Rayherstz Amusement Corp., D.C.N.J., 2 F.R.D. 278; Johnson v. Scarborough, D.C.Tex., 88 F. Supp. 523, and Coopersmith v. Stein, D. C.D.C., 14 F.R.D. 354.

It follows that defendant has not entered its appearance in this cause in the sense that it consents to our jurisdiction.

For all the foregoing reasons, the motion of garnishee, Magnolia Pipeline Company, for an order releasing and discharging it as garnishee herein, is not well taken and must be, and it is hereby, denied.