**LUBRICATION ENGINEERS, INC.,**
Plaintiff-Appellant,

v.

**John H. PARKINSON, Defendant-Respondent.**

No. 7867.

Springfield Court of Appeals.

Missouri.

Jan. 4, 1961.

Orville C. Winchell, Lebanon, for plaintiff-appellant.

No brief or appearance, for defendant-respondent.

STONE, Presiding Judge.

On February 7, 1959, plaintiff filed its petition in the Circuit Court of Laclede County averring defendant's indebtedness on an account of $569.90, alleging that "defendant has absconded from his usual place of abode and from the State of Missouri," and praying judgment for $569.-90 "and for writ of attachment against the personalty of * defendant." The transcript recites that, on the same day, "attachment and summons herein was issued, defendant duly served with process, and return thereof was made." On February 10, 1959, defendant filed his answer to the merits and, on the same day, a "Forthcoming Bond and (sic) Attachment" for the practical purpose (as he subsequently

alleged) of obtaining immediate release of household goods because he and his wife were then in the process of moving to Springfield, Missouri. Following a change of venue on his application, defendant moved to dissolve the attachment. The judgment subsequently entered on October 27, 1959, recites the appearance of plaintiff by counsel and of defendant "personally and by his attorney," waiver of trial by jury, submission of the cause "upon the pleadings and proof adduced," and the court's finding for plaintiff and assessment of damages in the sum of $569.90, for which a general personal judgment was entered against defendant. On this appeal by *plaintiff*, the sole complaint is that the trial court erred in further adjudging that the "forthcoming bond (be) dissolved and sureties and principal released."

The transcript, which is the only source from which we may glean such information,[1] does not show on what ground or for what reason the trial court made the challenged adjudication dissolving defendant's forthcoming bond. In these circumstances, we recall the basic principles that the presumption always is that the decision of the trial court was correct and that the burden always rests upon appellant to make an affirmative showing of error as a condition precedent to reversal,[2] and we are mindful of the injunction that, in court-tried cases, no judgment should be set aside "unless clearly erroneous." Rule 73.01(d), formerly § 510.310 (4).[3] See also Yost v. Seigfreid, Mo.App., 234 S.W.2d 231, 233(1).

The transcript recital that "defendant (was) duly served with process"

1. Real Estate Inv. Co. v. Winn, 233 Mo. App. 26, 116 S.W.2d 550, 554(1); Subscribers at Casualty Reciprocal Exchange by Dodson v. Kansas City Public Service Co., 230 Mo.App. 468, 91 S.W.2d 227, 230 (1); La Rue v. Bloch, 215 Mo.App. 501, 255 S.W. 321(2).

2. State to Use of Consolidated School Dist. No. 42 of Scott County v. Powell, 359 Mo. 321, 221 S.W.2d 508, 511(7);

James v. James, Mo., 248 S.W.2d 623, 627(8); Erhart v. Todd, Mo., 325 S.W. 2d 750, 754; Morris v. Willis, Mo., 338 S.W.2d 777, 780(7); Staples v. O'Reilly, Mo.App., 288 S.W.2d 670, 678(19).

3. All references to rules are to the Rules of Civil Procedure effective April 1, 1960, as they appear in Vernon's Annotated Missouri Rules, and all references to statutes are to RSMo 1949, V.A.M.S.

indicates service of summons pursuant to § 506.150(1), now Rule 54.06(a). Regardless of that, defendant entered his general appearance by answering to the merits with no challenge of the court's jurisdiction over his person [Cherry v. Wertheim, Mo. App., 25 S.W.2d 118, 122(4)], and by seeking and procuring a change of venue,[4] so the court undoubtedly had jurisdiction to render a general personal judgment against defendant.[5] But, jurisdiction over the person of the defendant did not carry with it jurisdiction over the res.[6] For, in an attachment proceeding, jurisdiction over the res is obtained only by the levy thereon of a writ of attachment properly issued [Hardin v. Lee, 51 Mo. 241, 244; First Nat. Bank of Appleton City v. Griffith, 192 Mo.App. 443, 182 S.W. 805, 806(2)], and such jurisdiction is not conferred by the levy of a writ of attachment issued without the prior filing of an affidavit for attachment,[7] or by defendant's general appearance in the cause,[8] or even by consent of the parties.[9]

The harsh and extraordinary remedy of attachment is purely ancillary to the main suit, has nothing to do with the merits, and is a summary, anticipatory method of impounding defendant's assets to facilitate collection of the judgment against him, *if and when* one be obtained. State ex rel. Auchincloss, Parker & Redpath, Inc. v. Harris, 349 Mo. 190, 201, 159 S.W.2d 799, 805(7). And, since attachment proceedings were unknown at common law and are creatures of the statutes, our courts have pointed out many times that strict compliance with applicable statutory requirements is essential to the acquisition of jurisdiction over the res.[10] Thus, with our statutes and now our rules of civil procedure expressly requiring that both a petition and an affidavit be filed before a writ of attachment issues,[11] there is no room for doubt but that,

4. Mahan v. Baile, 358 Mo. 625, 630–631, 216 S.W.2d 92, 94; Julian v. Kansas City Star Co., 209 Mo. 35, 107 S.W. 496, 508 (29), appeal dismissed 215 U.S. 589, 30 S.Ct. 406, 54 L.Ed. 340; Baisley v. Baisley, 113 Mo. 544, 21 S.W. 29, 31(4).

5. § 521.370, now Rule 85.38; § 521.360, now Rule 85.34; Mahan v. Baile, supra, 216 S.W.2d loc. cit. 94(2); Bieser v. Woods, 347 Mo. 437, 440, 147 S.W.2d 656, 658; Poe v. Western Buyers' Ass'n Wholesale Grocers, Mo.App., 238 S.W. 547, 549(5).

6. State ex rel. Shaw State Bank v. Pfeffle, 220 Mo.App. 676, 293 S.W. 512, 516(13); Kurre v. American Indemnity Co. of Galveston, Texas, 223 Mo.App. 406, 17 S.W. 2d 685, 687(5); C. Rallo Contracting Co. v. Blong, Mo.App., 313 S.W.2d 734, 737.

7. Farmers' State Bank of New Boston v. Gibson, Mo.App., 278 S.W. 737, 738(3); First Nat. Bank of Appleton City v. Griffith, 192 Mo.App. 443, 446, 182 S.W. 805, 806; Third Nat. Bank of Sedalia v. Garton, 40 Mo.App. 113, 123, mandamus denied State ex rel. Third Nat. Bank v. Smith, 107 Mo. 527, 16 S.W. 401, 17 S.W. 901.

8. Clauson v. Tipton, Mo.App., 147 S.W.2d 148, 150(4); First Nat. Bank of Appleton City v. Griffith, supra, 182 S.W. loc. cit. 806(3); Third Nat. Bank of Sedalia v. Garton, supra, 40 Mo.App. loc. cit. 122–123(2).

9. Third Nat. Bank of Sedalia v. Garton, supra, 40 Mo.App. loc. cit. 123; State ex rel. Shaw State Bank v. Pfeffle, supra, 293 S.W. loc. cit. 516(14); Kurre v. American Indemnity Co. of Galveston, Texas, supra, 17 S.W.2d loc. cit. 687(4); C. Rallo Contracting Co. v. Blong, supra, 313 S.W.2d loc. cit. 737(2); Blackburn Motor Co. v. Benjamin Motor Co., Mo. App., 340 S.W.2d 155, 159.

10. Trinidad Asphalt Mfg. Co. v. Standard Oil Co., 214 Mo.App. 115, 258 S.W. 64, 66(1); Vittert v. Melton, Mo.App., 78 S.W.2d 467, 469(2); Walker v. Huddleston, Mo.App., 261 S.W.2d 502, 505; Blackburn Motor Co. v. Benjamin Motor Co., supra, 340 S.W.2d loc. cit. 159–160 (3). See also Workman v. Anderson, Mo., 297 S.W.2d 519, 523(7), and Bryant v. Duffy, 128 Mo. 18, 20–21, 30 S.W. 317, 318.

11. Rule 85.04, formerly § 521.050; Rule 85.05, formerly § 521.060; Rule 85.07, formerly § 521.080.

where no affidavit has been theretofore filed in the case, issuance of a writ of attachment is unauthorized and any writ issued under such circumstances is void.[12]

■ This brings us to the decisive fact that, in the transcript before us, there is no affidavit for attachment and no statement by the court reporter indicating that any such affidavit was filed. Cf. Norman v. Pennsylvania Fire Ins. Co., 237 Mo. 576, 583–584, 141 S.W. 618, 620. In this state of the record, certainly we cannot convict the trial court of prejudicial error in dissolving the forthcoming bond and in discharging the principal and sureties thereon. For, the obligation of that bond was that defendant "shall have the (attached) property forthcoming and shall deliver the same when and where (the) court shall direct"; and, if no affidavit for attachment had been theretofore filed, the writ of attachment was void, the court acquired no jurisdiction over defendant's property, and no order for delivery thereof properly could have been entered. See the cases collected marginally in footnote 12. We have not overlooked the comment in plaintiff's brief that "in the plaintiff's affidavit it was alleged that the defendant was a nonresident of the State of Missouri and also listed other grounds of attachment," and the further statement that the filing of this affidavit "was sufficient for the attachment to be commenced without bond." But, of course, our system of jurisprudence neither contemplates nor permits appellate determination of what was filed or done in the trial court on the basis of such statements, which find no support in the transcript and are not conceded by adversary counsel.[13]

■ Although the foregoing is dispositive of the appeal, it may not be amiss to add that the same result, i. e., affirmance on this appeal, would be compelled *even if* the transcript showed that the writ of attachment had been issued upon an affidavit alleging defendant's nonresidence. Rule 85.04 (formerly § 521.050) states, in language so plain and unambiguous as to admit of no doubt or argument concerning its meaning and effect, that "when any writ of attachment has issued against a nonresident and the plaintiff has given no bond, the attachment shall be dissolved as of course, and the lands, tenements, goods, moneys, effects and credits of the defendant taken or levied upon under such writ of attachment shall be released therefrom, upon the defendant entering his appearance and filing his answer to the merits of the case," unless plaintiff shall file a bond within the time provided by the rule. As we have noted, instant defendant entered his appearance and filed his answer to the merits. There is no suggestion that plaintiff ever tendered a bond. Therefore, upon presentation of defendant's motion to dissolve the attachment on October 26, 1959, long after expiration of the period within which plaintiff might have filed a bond, defendant would have been entitled to dissolution of the attachment (*even if* it had issued upon an affidavit of nonresidency) "as of course," i. e., as a matter of right without further inquiry by the

12. Norman v. Pennsylvania Fire Ins. Co., 237 Mo. 576, 583–584, 141 S.W. 618, 620; Hargadine v. Van Horn, 72 Mo. 370; K–M Supply Co. v. Moran, Mo.App., 53 S.W.2d 419, 420(3); First Nat. Bank of Appleton City v. Griffith, supra, 182 S.W. loc. cit. 806; Third Nat. Bank of Sedalia v. Garton, supra, 40 Mo.App. loc. cit. 119, 122–123; Norman v. Horn, 36 Mo.App. 419, 423–424.

13. Pruitt v. St. Johns Levee & Drainage Dist., 341 Mo. 120, 127, 106 S.W.2d 467, 471; Heitzeberg v. Von Hoffmann Press, 340 Mo. 265, 100 S.W.2d 307, 310(6); State ex rel. Thurlo v. Harper, 336 Mo. 717, 80 S.W.2d 849, 850(1); Adelsberger v. Sheehy, 332 Mo. 954, 59 S.W.2d 644, 647(4); In re Jackson's Will, Mo.App., 294 S.W.2d 953(1); Stewart v. Stewart, Mo.App., 277 S.W.2d 322, 325(4); E. C. Robinson Lumber Co. v. Lowrey, Mo.App., 276 S.W.2d 636, 644(21); Barrett v. Stoddard County, Mo.App., 183 S.W. 644, 647(2).

court;[14] and, in those circumstances, discharge of the principal and sureties on the forthcoming bond likewise would not have been improper.

The judgment is affirmed.

McDOWELL and RUARK, JJ., concur.

14. Pitman v. West, 198 Mo.App. 92, 199 S.W. 756, 757 (2); Donovan v. Gibbs, 268 Mo. 279, 286, 187 S.W. 46, 48. See also C. S. Foreman Co. v. H. B. Zachry Co., D.C.Mo., 127 F.Supp. 901, 902 (1).